IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL T. ROSS,

                Plaintiff,

v.

WOOD COUNTY, SHAWN BECKER,
REBECCA BAKER, THOMAS KING, ALLI NELSON,
and SOUTHERN HEALTH PARTNERS INC.,

                Defendants.

OPINION and ORDER

20-cv-546-jdp

---

Plaintiff Michael T. Ross, represented by counsel, alleges that Wood County jail staff refused to provide him prompt medical care for his broken hand and managed his opioid addiction unreasonably. He is proceeding on claims under the Constitution and state law. Defendants Southern Health Partners Inc. and contract-nurse Alli Nelson move for summary judgment, arguing that Ross failed to exhaust his administrative remedies on his medical care claims because he did not appeal his grievances to the appropriate jail authorities. Dkt. 45. (The Wood County defendants also filed an exhaustion-based summary judgment motion, Dkt. 48, but they withdrew it after Ross filed his opposition materials. In this opinion, I will refer to Nelson and Southern Health Partners as "defendants.")

I will deny defendants' summary judgment motion. Ross says that he did not know how to appeal his grievances and, when he asked for help, a jail sergeant told him that he could not appeal medical grievances. Defendants argue that Ross's testimony is self-serving and should be rejected, but they have failed to carry their burden of showing that administrative remedies were available to Ross.

ANALYSIS

A plaintiff who is confined in jail or prison when he files his lawsuit, and who is challenging jail or prison conditions, must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing an initial grievance and all necessary appeals. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). But inmates are required to exhaust only those administrative remedies that are available to them. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Courts may not hold plaintiffs to exhaustion procedures of which they are not aware. *See Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018) ("A secret grievance procedure is no procedure at all, at least absent some evidence that the inmate was aware of that procedure."); *White v. Bukowski*, 800 F.3d 392, 397 (7th Cir. 2015) (recognizing that "[p]risoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about").

Wood County jail has an administrative process by which inmates can file grievances about jail conditions. According to Wood County Sheriff's Department Policy 215.35, inmates can submit a grievance to a corrections officer on a grievance form. Dkt. 47-1. The corrections officer will attempt to resolve the matter but, if unable to do so, the officer will sign the grievance form, explain why the matter cannot be resolved, and forward the grievance to a sergeant. If the inmate is unsatisfied with the response, the inmate may appeal the grievance to the jail lieutenant. If the inmate is unsatisfied with the lieutenant's response, the inmate may appeal to the jail captain. The jail captain's response is the final decision of the grievance procedure. *Id.* at 5.

While he was incarcerated at Wood County jail, Ross filed a grievance complaining about medical treatment for his broken hand, Dkt. 47-3. Defendant Nelson, a nurse, responded to his grievance about his hand, stating that he had Tylenol for pain and had been scheduled for an x-ray. According to Ross, he was not satisfied with Nelson's response, but he did not know whether he could appeal. He asked a jail sergeant, Sergeant Joe Keena, about how to appeal, but Keena told him that he could not appeal grievances regarding medical conditions. Ross did not try to file an appeal.

A few weeks later, Ross filed a grievance complaining about how his opioid addiction was being managed, Dkt. 47-4. A jail sergeant responded to the grievance, stating that medical staff was managing his withdrawals according to protocol. Because the sergeant wrote "medical" at the top of the grievance about his withdrawals, Ross assumed he could not appeal that grievance based on Sergeant Keena's instructions. Ross did not try to file an appeal.

Defendants argue that Ross failed to exhaust his administrative remedies because he did not appeal the responses to either of the grievances he filed relating to his claims in this lawsuit. They argue that Ross's self-serving declaration regarding Sergeant Keena's statement is insufficient to create a genuine factual dispute because it comes too late, and because it contradicts the assertion in his complaint that he fully exhausted his administrative remedies. But neither argument is persuasive. It was not untimely or improper for Ross to explain in a declaration why he did not appeal his grievances. Nor does it contradict his assertion that he fully exhausted his remedies—Ross's position is that he *did* exhaust his remedies, because the appellate process was unavailable to him. *See Kaba*, 458 F.3d at 684 (inmates are required only to exhaust those remedies that are available to them).

Ross suggests that the court could hold an evidentiary hearing to resolve the parties'

factual disputes about whether Ross should be excused from appealing his grievances. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). But a *Pavey* hearing is not necessary in this case. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). And defendants have failed to meet their burden in this case.

First, defendants have not shown that Ross was aware of the grievance procedures for filing appeals. Defendants submitted a copy of Wood County Sheriff's Department Policy 215.35, but they did not submit evidence showing that Ross was provided a copy of that policy or that he knew of its existence. In many cases, inmates are given an inmate handbook that describes grievance procedures, or the grievance form itself provides information about how to appeal. But defendants did not submit evidence showing that Ross received a handbook. A review of Ross's booking sheet, which defendants also submitted, states that Ross was *not* provided a copy of the "jail rules" at booking. Dkt. 47-2, at 4. And even if Ross had been provided with the jail rules, defendants submitted no evidence that the rules describe how to appeal a grievance. (The "Grievance Procedure" section of the "Jail Rules and Policies" that is included on Wood County's website includes no information about filing appeals. *See* https://www.co.wood.wi.us/Departments/Sheriff/JailRules.aspx#Grievance-Procedure (last visited Jan. 7, 2022)). Nor did the grievance forms that Ross used say that Ross could file an appeal, let alone provide instructions on how to do so.

Second, defendants have submitted no evidence that would create a genuine factual dispute about Ross's version of events, including Ross's sworn statement that Sergeant Keena told him that he could not appeal medical grievances. For example, defendants did not submit a statement from Keena contradicting Ross's statement. They did not submit evidence

4

suggesting that Ross knew he could appeal medical grievances, or that he had done so in the past, despite what Keena told him. It is not sufficient for defendants to object to Ross's declaration without submitting any evidence that would call his assertions into doubt. The argument that the court should reject Ross's declaration because it is "self-serving" is frivolous. *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013).

Third, although defendants argue that Ross should be held to the procedures set forth in Policy 215.35, neither of Ross's grievances were handled by jail staff in accordance with that policy. The policy states that a corrections officer will respond in writing to initial grievances. But neither of Ross's grievances appear to have been handled by a corrections officer. A nurse responded to his grievance regarding his broken hand, and a sergeant responded to his grievance about his withdrawal symptoms. These facts bolster Ross's version of events: if jail staff did not follow the official grievance policy when handling grievances, it makes it more plausible that a jail sergeant provided Ross with incorrect information about grievance procedures.

In sum, defendants have failed to meet their burden of proving that Ross failed to exhaust the administrative remedies that were available to him. Their motion for summary judgment must be denied.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Southern Health Partners, Inc. and Alli Nelson, Dkt. 45, is DENIED.

Entered January 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge